MR. JUSTICE MORRISON
specially concurs as follows:
I applaud the majority’s effort to define the parameters of those principles that control the employment relationship. I concur in the result but not in all that is said in the majority opinion.
First, it should be made clear that this Court has not modified the “at will” statute. Courts cannot amend statutes. At times it seems as though judicial opinions ignore applicable statutes. That is not the case here.
In my opinion, Section 39-2-503, MCA provides for “at will” employment where no specific term is specified. The statute refers to the term of employment but has nothing to do with obligations owed by either party to the other. In other words, even though employment may be terminated at will, if a legal obligation is breached, that breach may give rise to a separate tort action.
The majority refers to the District Court holding that a public policy violation is required in order to sustain a wrongful discharge action. Following our decisions in Gates v. Life of Montana Insurance Co. (1982), 196 Mont. 178, 638 P.2d 1063 and Gates v. Life of Montana Insurance Co. (Mont. 1983), [205 Mont. 304, ] 668 P.2d 213, 40 St.Rep. 1287 the law had broader application. We there held that *285 there is an implied covenant of good faith and fair dealing, the breach of which gives rise to an action in tort. The old wrongful discharge action premised upon a public policy violation was subsumed in this new tort recognized for the first time in the second Gates appeal. All public policy violations would undoubtedly involve a breach of covenant of good faith and fair dealing. The obligation owed under that covenant is broader and encompasses more employer related conduct.
The majority states that:
“Whether a covenant of good faith and fair dealing is implied in a particular case depends upon objective manifestations by the employer giving rise to the employee’s reasonable belief that he or she has job security and will be treated fairly.”
I disagree. The covenant of good faith and fair dealing is implicit in every employment contract irrespective of a reasonable belief regarding job security. The law imposes an absolute obligation upon employers to deal fairly and in good faith with their employees from the commencement of the employment relationship. Facts that give rise to an inference of job security in the future might help determine whether there was a breach of the covenant to deal fairly and in good faith, but are not necessary to the existence of the covenant itself.
There seems to be much confusion surrounding “at will” employment and under what circumstances employees thus situated can be terminated. For clarification, and since this is a specially concurring opinion entitling me to take some license, I volunteer my thoughts on this subject. All contracts of employment without a specified term are “at will.” Section 39-2-503, MCA. This statute, which becomes part of every contract, is subject to the higher authority of the Montana State Constitution. Art. II, Sec. 3, 1972 Mont. Const., provides that all persons have as an inalienable right the opportunity of pursuing life’s basic necessities. Art. II. section 4, 1972 Mont. Const., provides that no per *286 son shall discriminate against any person exercising his civil or political rights on account of race, color, sex, culture, social origin or condition, or political or religious ideas. Clearly the “at will” statute is subject to this higher constitutional authority and as such exists subservient to it. Although this case does not involve conduct proscribed by the Constitution, I do want to note that the right to terminate is not absolute but subject to exercise in accordance with constitutional principles.
This Court has held that employment contracts are subject to an implied covenant of good faith and fair dealing. This obligation is not rooted in statute and cannot repeal or amend the provisions of Section 39-2-503, MCA. Rather, the obligation recognized by this Court must be reconciled with the “at will” statute. I think this can easily be done. An employer, under the “at will” statute, has the right to terminate. However, if the employer violates the legal obligation to treat the employee fairly and in good faith, then a separate and independent tort action can be instituted by the injured employee against the offending employer. Damages, not reinstatement, is the remedy.
We are treading on thin ice as we attempt to construct new protections for employees. There is an indication in the majority opinion that the plaintiff can only be terminated “for cause.” Such a determination clearly conflicts with the “at will” statute. We must not confuse the “term of employment” with the right of the employee to be dealt with fairly and in good faith. The breach of the obligation owed by the employer may give rise to a tort action on the part of the employee, but does not convert “at will” employment to employment for a specific term.
I concur in reversing and remanding for trial, but do not envy the trial court the task of developing instructions from what we have said.